**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ROOSEVELT CAYMAN ASSET COMPANY,

     Plaintiff,

        v.                                                     CIVIL NO.: 15-1308 (MEL)

JOSE ANTONIO RODRIGUEZ ROBLES, et al.,

     Defendants.

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment by Roosevelt Cayman Asset Company (hereafter "Plaintiff"). This matter concerns an action for collection of monies and foreclosure of mortgage.

I.    **PROCEDURAL HISTORY**

On March 25, 2015, Plaintiff filed the complaint in this case. ECF No. 1. The complaint alleges that Jose Antonio Rodríguez Robles, Idelisse Almodóvar Rodríguez, and the conjugal partnership between them (hereafter "Defendants") executed a mortgage deed in favor of "Doral Financial Corporation d/b/a HF Mortgage Bankers," that Plaintiff is now the holder of the mortgage note, and that Defendants defaulted on their repayment obligations. On October 21, 2015, Defendants filed a motion to dismiss contending that the complaint does not include allegations of how Plaintiff came to be the holder of the mortgage note; therefore, "Plaintiff has not established it's [sic] standing as the owner and the holder of the mortgage note." ECF No. 8 at pg. 2. Later the same day, Defendants' motion to dismiss was summarily denied because "[t]he complaint alleges that the plaintiff is the owner and holder of the mortgage note, which is sufficient to put the defendants on notice." ECF No. 9. On August 22, 2016, Plaintiff filed the

motion pending before the court, requesting the court enter judgment in its favor. ECF No. 25. Defendants subsequently filed a motion both opposing Plaintiff's motion for summary judgment and requesting dismissal of Plaintiff's complaint in its entirety. ECF No. 26. Said motion again argues that Plaintiff has not established standing to present the case as there is no evidence that the mortgage note was transferred to Plaintiff. ECF No. 26 at pg. 4.

## II.   SUMMARY JUDGMENT STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115 (citations omitted). There is "no

room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

### III.   UNCONTESTED MATERIAL FACTS[1]

On August 31, 2004, Defendants received a mortgage loan from Doral Financial Corporation doing business as H.F. Mortgage Bankers. The Defendants' repayment obligation is evinced by a mortgage note in the amount of $487,500.00, repayable with an annual interest rate of 6.75% (hereafter "the Mortgage Note"). ECF No. 25-1 at ¶ 1. The same day, as guarantee for the repayment obligation, Defendants executed Mortgage Deed No. 186 ("the Mortgage Deed"), before Notary Public Manuel L. Correa Márquez encumbering property No. 43,873 in the Puerto Rico Property Registry, First Section of Arecibo (hereafter "the property in question"). Id. at ¶ 2.

On August 31, 2012, the Mortgage Note was modified regarding the principal amount and maturity date, with a new principal in the amount of $430,226.04. Id. at ¶ 1. Also on August 31, 2012, Defendants executed Modification Deed No. 667 before Notary Public Magda V. Alsina-Figueroa (the "Modification Deed"). Id. at ¶ 2. The Mortgage Deed and Modification

---

[1] In support of the motion for summary judgment, Plaintiff submitted a separate statement of proposed uncontested facts. Defendants' opposition to the motion for summary judgment, however, does not specifically address Plaintiff's statement of proposed facts. Local Federal Court Rule 56(c) provides that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Rule 56. Summary Judgment, PR R USDCT L.Cv.R. 56. Local Federal Court Rule 56(e) further provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Id. In light of Defendants' failure to specifically admit, deny, or qualify Plaintiff's proposed facts, the same are deemed admitted to the extent they are supported by their record citations.

Although Defendants generally denied Plaintiff's ownership of the mortgage note, the same was not supported by any citation to the record. See ECF No. 26 at ¶ 5 and 7.

Deed are valid and subsisting liens encumbering the property in question, which is owned by Defendants and is described below in the Spanish language:

> RUSTICA: Parcela 2, localizada en el Barrio Santana del Municipio de Arecibo, situada en la calle número 2. Tiene una cabida de 1500.012 metros cuadrados. Linda: NORTE, con remanente de la finca principal; SUR, con calle número 2; ESTE, con solar número 3; OESTE, con solar número 1.

Id. at ¶ 3.[2]

Plaintiff, Roosevelt Cayman Asset Company, is now the owner and holder of the Mortgage Note. Id. at ¶ 4. Defendants defaulted on the repayment obligation to Plaintiff and, as of April 25, 2016, owed principal in the amount of $430,226.04, accrued interest since October 1, 2012, at the annual interest rate of 6.75%, accrued late charges in the amount of $2,246.52, and expressly agreed-upon attorneys' fees and legal costs in the amount of $43,022.60, for a total of $475,495.16. Id. at ¶ 5.[3]

## IV.   CAUSE OF ACTION

Because this is a diversity action, Puerto Rico law controls. Under Puerto Rico Law, "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." 31 L.P.R.A. § 4571. Furthermore, "[o]bligations arising from contracts have legal force between the

---

[2] The property in question is recorded at page 15 of volume 1029 of Arecibo, Registry of the Property of Arecibo, First Section. Id. at ¶ 3.

[3] The date and amounts above were affected by two discrepancies between Plaintiff's statement of proposed uncontested facts and the declaration under penalty of perjury supporting those facts. The statement of proposed facts notes that as of April 8, 2016, Defendants owed Plaintiff principal in the amount of $430,226.04. The declaration under penalty of perjury cited for support of that fact states that said amount was owed as of April 25th, 2016. Second, while the statement of proposed facts notes the amount of accrued late charges is $2,121.49, the declaration under penalty of perjury states the accrued late charges are $2,246.52. Defendants do not address either discrepancy (indeed they do not specifically address any of Plaintiff's proposed facts). In any event, where there are discrepancies, the dates and numbers in the declaration under penalty of perjury are credited as Plaintiff's brief is not sworn or otherwise verified.

Due to the discrepancy between the late charges listed above, the total amount due was adjusted from the amount Plaintiff averred in its statement of facts ($475,370.13) to reflect the additional $125.03 in late charges stated in the declaration under penalty of perjury. See ECF Nos. 25-1 at pg. 3; ECF No. 25-3 ¶ 7.

contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. §
2994. Therefore, "courts may not relieve a party of its agreed upon contractual obligations."
Roosevelt Cayman Asset Co. II v. Mercado, No. 15-2314 (BJM), 2016 WL 3976627, at *3
(D.P.R. July 22, 2016).

A mortgage "directly and immediately subjects the property on which it is imposed,
whoever its possessor may be, to the fulfilment of the obligation for the security of which it was
created." 31 L.P.R.A. § 5043. "The real right of a mortgage, once constituted subject to the
mortgaged good, grants whoever is its title holder or possessor the power to demand the
fulfillment of the obligation that it warranties, with preference corresponding to the degree of
registration." Roosevelt Cayman Asset Co. v. Brea, No. 15-1653 (CVR), 2016 WL 1716837, at
*3 (D.P.R. Apr. 28, 2016) (internal citations omitted). "It is also essential in these contracts that
when the principal obligation is due, the things of which the pledge or mortgage consists may be
alienated to pay the creditor." 31 L.P.R.A. § 5002.

V.    ANALYSIS

In the instant case, Defendants advance three arguments as to why summary judgment is
not appropriate. First, Defendants contend that Plaintiff provided no evidence of the transfer of
the Mortgage Note from Doral Financial Corporation to Plaintiff, therefore "Plaintiff has not
established it's [sic] standing as the owner and holder of the Mortgage Note." This argument
does not have merit because it does not contradict the fact that Plaintiff is now the owner and
holder of the Mortgage Note. In support of the motion for summary judgment, Plaintiff
submitted a statement of proposed uncontested material facts averring it is the owner of the
Mortgage Note. In accordance with local rules, this statement of facts was supported by a
declaration under penalty of perjury by Jennifer Tejada Rivera ("Tejada"), who supervises

Plaintiff's collection activities.[4] Tejada's declaration states that Plaintiff is the owner of the Mortgage Note. ECF No. 25-3 at pg. 1 ¶ 4. Furthermore, Plaintiff submitted a copy of the Mortgage Note. ECF No. 25-4. An allonge attached to the Mortgage Note includes the Mortgage Note's loan number, amount, and date, and states: "Pay to the order of: Roosevelt Cayman Asset Company[.] Without Recourse, Doral Recovery, Inc." See ECF No. 25-4 at pg. 4.

Although a non-movant need not rely on undisputed evidence, Defendants cited no record support for their assertion that "Plaintiff has not established its standing as the owner and holder of the mortgage note." Under Local Rule 56,

> [a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule."

PR USDCT L.Cv.R. 56(c). Furthermore, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." PR USDCT L.Cv.R. 56(e). Facts in a supporting statement of material facts, if supported by record citations, are deemed admitted unless properly controverted. Id.

The record supports Plaintiff's assertion as to its ownership of the Mortgage Note. The Defendants failed cite any record evidence supporting their denial as to Plaintiff's ownership. Therefore, Plaintiff's assertion as to its ownership of the Mortgage Note is deemed undisputed.

Defendants next contend they "requested all documents that establish that Plaintiff is indeed the owner of the mortgage note[,]" and that no such document has been submitted. This argument ultimately is an untimely discovery dispute. Defendants, during the discovery phase of

---

[4] Tejada is an "AVP" in Default Operations at Rushmore Loan Management Services LLC, which is Plaintiff's "servicer[.]" ECF No. 25-3 at ¶3.

the case, could have requested to see the note. If necessary, they could have filed a motion to compel discovery, which they did not do prior to the expiration of the discovery phase of the case. Thus, this contention is untenable simply because it is untimely.

Indeed, the Defendants have no basis to argue they were surprised by the documents Plaintiff submitted in support of summary judgment. Pursuant to initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1), Plaintiff identified several documents in their possession, including "Mortgage note endorsed to Roosevelt Cayman Asset Company for $487,500.00 dated August 31, 2004," as well as the Mortgage deed and the Modification deed. ECF No. 14 at pg. 2-3 ¶¶ 1-3. Plaintiff also identified Tejada—the declarant who established that Plaintiff owns the mortgage note—as a person likely to have discoverable information likely to support Plaintiff's claims. Although Defendants argue in their brief they were not provided with documentation showing that Plaintiff is the owner of the mortgage note, Defendants have not cited any record evidence showing they ever requested production of said documents, or that they were not provided the same. Furthermore, the docket does not evince that a discovery dispute was ever brought to the court's attention. Thus, Defendants' unsupported claim as to a discovery violation is not sufficient to defeat summary judgment.

Lastly, Defendants argue that "no evidence exist[s] that Plaintiff properly gave notice to defendants, according to Article     [sic] of the Civil Code of PR, Plaintiff had the obligation by law to inform the date the transaction took place, the amount that was paid and the time that the law gives debtors to purchase the note from Plaintiff." ECF No. 26 at pg. 2. Defendants do not specify the statute on which they rely, nor do they develop the above argument in their four page response in opposition. See ECF No. 26. As the First Circuit has noted, "we deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument."

Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Furthermore, arguments that are "confusingly constructed and lacking in coherence" are deemed waived. Id. "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority. And they must give us the raw materials . . . so that we can do our work, or they may lose as a consequence." Id. (internal citations and quotations omitted).

Ultimately, the uncontroverted facts show that Plaintiff is entitled to summary judgment. Plaintiff established that Defendants entered into a contract with Doral Financial Corporation whereby on August 31, 2004, Defendants received a mortgage loan, and in exchange, provided a mortgage note of $487,500.00, repayable with an annual interest rate of 6.75%. As guarantee of the above note, Defendants executed the Mortgage Deed encumbering the property in question. On August 31, 2012, the Mortgage Note was modified regarding the principal amount and maturity date, with a new principal in the amount of $430,226.04. Id. at ¶ 1. The same day, Defendants executed the Modification Deed. The Mortgage Deed and Modification Deed are valid and subsisting liens encumbering the property in question. Plaintiff is now the owner of the Mortgage Note. Defendants defaulted on their repayment obligations to Plaintiff, and owe Plaintiff principal in the amount of $430,226.04, accrued interest since October 1, 2012, at the annual interest rate of 6.75%, accrued late charges in the amount of $2,246.52, and expressly agreed-upon attorney's fees and legal costs in the amount of $43,022.60, for a total of $475,495.16. These uncontroverted facts show that summary judgment is appropriate.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (ECF No. 25) is GRANTED, and judgment will be awarded against Defendants in the amount of $475,495.16, plus interest accrued at the contracted rate.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2017.

s/Marcos E. López
U.S. Magistrate Judge

---

[5] Defendants' response in opposition moves for summary judgment in favor of the Defendants. Based on the reasoning in this opinion and order, the Defendants' motion for summary judgment (ECF No. 26) is DENIED.